UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

        Plaintiff,

v.                       CASE NO. 8:04-CV-2477-T-17MAP

PAUL SIMMONS, et al.,

        Defendants.

_____/

FINAL JUDGMENT

**Decision by Court.**    The issues have been tried or heard and a decision has been rendered.

    **IT IS ORDERED AND ADJUDGED** that judgment is hereby entered on behalf of Plaintiff Securities and Exchange Commission against Defendant Kerry Kennedy, in the amount of $2,085,413.71, for disgorgement ($1,144,583.95), prejudgment interest ($540,829.76), and civil penalties ($400,000.00), for which sum execution shall issue. It is further

    **ORDERED AND ADJUDGED** that Defendant Kerry Kennedy, his agents, servants, employees, attorneys, and all persons in active concert or participation with him who receive actual notice of this Final Judgment by personal service or otherwise, and each of them, are restrained and enjoined from:

    1. Violating Sections 5(a) and (c) of the Securities Act [15 U.S.C. Secs. 77e(a) and (c)] by directly or indirectly, (i) making use of the means or instruments of transportation or communication in interstate commerce or of the mails to sell securities, through the use or medium of a prospectus or otherwise; and/or (ii) making use of the means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy securities through the use or medium of any prospectus or otherwise, without a registration statement having been filed or being in effect with the SEC as to such securities.

Case No. 8:04-CV-2477-T-17MAP

    2. Violating Section 10(b) of the Exchange Act [15 U.S.C. Sec. 78j(b)] by directly or indirectly, in the use of any means or instruments of interstate commerce, of the mails or of any facility of any national securities exchange, using or employing in connection with the purchase or sale of any security registered on a national securities exchange or any security not so registered any manipulative or deceptive device or contrivance in contravention of a rule or regulation prescribed by the Securities and Exchange Commission.

    3. Violating Rule 10b-5 of the Exchange Act [17 C.F.R. Sec. 240.10b-5], by directly or indirectly, in the use of any means or instruments of interstate commerce, of the mails or of any facility of any national securities exchange: (I) employing any device, scheme or artifice to defraud; (ii) making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statement(s) made, in the light of the circumstances under which the statement(s) was made, not misleading; or (iii) engaging in any act, practice or course of business which operates or would operate as a fraud or deceit upon any person.

    Defendant Kennedy shall satisfy his obligation by paying the total amount due within ten business days to the Clerk of this Court, together with a cover letter; identifying his name as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final judgment. Defendant shall simultaneously transmit photocopies of such payment and letter to the Commission's counsel in this action. By making the payment, Defendant Kennedy relinquishes all legal and equitable right, title and interest in such funds, and no part of the funds shall be returned to Defendant. **Defendant Kennedy shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. Sec. 1961 at the rate of 1.63%.**

    The Clerk shall deposit the funds into an interest-bearing account with the Court Registry. These funds, together with any interest and income earned thereon (collectively the "Fund"), shall be held in the interest-bearing account until further order of the Court. In accordance with 28 U.S.C. Sec. 1914 and the guidelines set by the Director of the Administrative Office of the United States Courts, the Clerk is directed, without further

Case No. 8:04-CV-2477-T-17MAP

order of this Court, to deduct from the income earned on the money in the Fund a fee equal to ten percent of the income earned on the Fund. Such fee shall not exceed that authorized by the Judicial Conference of the United States.

The Commission may by motion propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil money penalties ($400,000) pursuant to this Judgment shall be treated as penalties paid to the Government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil money penalty, Defendant Kennedy shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on his payment of disgorgement in this action, argue that Defendant is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of his payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset for Defendant Kennedy, Defendant Kennedy shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil money penalty and shall not be deemed to change the amount of the civil money penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against one or more Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

Defendant Kennedy, and his agents, servants, employees, attorneys, and all other persons in active concert or participation with him who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, are permanently and unconditionally barred from participating in an offering of penny stock, as defined in Section 20(g)(B) of the Securities Act [15 U.S.C. Sec. 77t(g)] and Section 21(d)(6)(B) of the Exchange Act [15 U.S.C. Sec. 78u(d)(6)], including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the

3

Case No. 8:04-CV-2477-T-17MAP

purchase or sale of any penny stock. A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act [17 C.F.R. Sec. 240.3a51-1].

The Commission may enforce the Court's judgment for disgorgement, prejudgment interest, penalties and other relief ordered herein by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after ten days following entry of this Final Judgment. In response to any civil contempt motion by the Commission, Defendant Kennedy may assert any legally permissible defense.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Court enters this Final Judgment without further notice.

April 25th, 2008.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record

4